JONES, MCDUFFEE & STRATTON CORP. *v.* UNITED STATES

**No. 6347.**—Invoices dated Stoke on Trent, England, June 4, 1941, etc.
    Certified June 5, 1941, etc.
    Entered at Boston, Mass., August 22, 1941, etc.
    Entry No. 1294/1–2–3–4–6, etc.

(Decided September 10, 1946)

*Benjamin A. Levett* for the plaintiff.
*Paul P. Rao,* Assistant Attorney General, for the defendant.

KEEFE, Judge: The appeals for reappraisement listed in schedule A, hereto attached and made a part hereof, have been submitted for decision upon the following stipulation of counsel for the parties hereto:
(Stipulation omitted.)
On the agreed facts I find the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the earthenware and chinaware here involved, and that such values are the appraised values, less the additions made by the importer on entry because of advances by the appraiser in similar cases. Insofar as the appeals relate to all other merchandise they are hereby dismissed.
Judgment will be rendered accordingly.

J. W. HAMPTON, JR., & CO., INC. *v.* UNITED STATES

**No. 6348.**—Invoice dated Stourbridge, England, December 6, 1940
    Certified December 11, 1940.
    Entered at New York, N. Y., February 17, 1941.
    Entry No. 743415.

(Decided September 18, 1946)

*Jerome G. Clifford* for the plaintiff.
*Paul P. Rao,* Assistant Attorney General, for the defendant.

OLIVER, Presiding Judge: This appeal for reappraisement has been submitted for decision upon the following stipulation of counsel for the parties hereto:
(Stipulation omitted.)
On the agreed facts I find the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the merchandise here involved, and that such values are the entered values.
Judgment will be rendered accordingly.